JUSTICE LEAPHART,
dissenting.
I dissent from the Court’s opinion on issue two. The District Court instructed the jury that “[n]otice to an attorney of a court date is notice to the client and knowledge of the attorney is knowledge of his client.” In Blackbird, this Court analyzed a virtually identical jury instruction, and held that it was reversible error to so instruct the jury. I cannot join with the majority, which recognizes that the instruction given in Blackbird is “in substance, identical to the one at issue here” and that “the instruction should not have been given,” yet holds that it was “harmless in the context of this case.” As we held in Blackbird:
As a conclusive or mandatory presumption, the instruction had the effect of relieving the State of its burden to prove every element of the offense beyond a reasonable doubt. The inclusion of the instruction obviated the necessity for the jury to independently examine the mental state or the intent or purpose of the defendant. The giving of the instruction was, therefore, error.
Blackbird, 609 P.2d at 710. Section 45-7-308(1), MCA, sets forth the offense of bail-jumping:
Aperson commits the offense of bail-jumping if, having been set at liberty by court order, with or without security, upon condition that he will subsequently appear at a specified time and place, he purposely fails without lawful excuse to appear at that time and place. [Emphasis added.]
Clearly, to purposely fail to appear at a time and place, the defendant must have notice of the time and place. Thus, notice was an element to be proven, not, as the majority infers, a defense that the defendant has to raise. The effect of the instruction was to shift to Wereman the burden of proving lack of notice instead of keeping the burden on the prosecution, where the burden of proof must remain as to every element of the offense. Sandstrom v. Montana (1979), 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39.1 find it troubling *253 that the majority recognizes that Blackbird prohibits this type of conclusive presumption instruction, yet holds that the giving of the instruction “was harmless in the context of this case.”
In Blackbird, we found that the giving of an identical instruction was not harmless error even though the jurors “could have inferred [defendant’s mental state] from other items of evidence introduced at trial, we cannot declare beyond a reasonable doubt that all of the jurors formulated defendant’s mental state this way.” Wereman testified that he did not appear because the charges lacked merit and would be dropped. From this statement, the majority infers that notice was not an issue. I disagree. Whether Wereman raises the issue or not, notice remains an element of the offense of bail-jumping. The instruction relieved the State from its burden of proof on an element of the offense. Even though Wereman said nothing about lack of notice, that does not reheve the State from proving every element of the offense. As a result, I would reverse the District Court on this issue.
JUSTICE GRAY joins in the foregoing dissent of JUSTICE LEAPHART.